# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY DUGAN; and DAVID CRAFT,<br><br>　　　　　　　　　　　　Plaintiffs,<br>　vs.<br>UNITED STATE OF AMERICA; and REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 10cv0042 JM(WMC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

　　　Plaintiffs Judy Dugan and David Craft move for appointment of counsel. While the application represents that this an employment action, the court notes that the complaint alleges a single claim for medical malpractice. (Complaint, Docket No. 1). The Constitution provides no right to appointment of counsel in a civil case. See Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his or her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

　　　Here, it appears that Plaintiffs have a sufficient grasp of their case, the legal issues involved, and are able to adequately articulate the basis for their claims. Accordingly, Plaintiffs' request for

1  appointment of counsel is denied because it is not warranted by the interests of justice. <u>LaMere v.</u>
2  <u>Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).
3      In sum, the motion for appointment of counsel is denied.
4      **IT IS SO ORDERED.**
5  DATED: April 15, 2010

          _____
          Hon. Jeffrey T. Miller
          United States District Judge